The lessor of the plaintiff claims under the will of Elizabeth Locke. The testatrix devised as follows: "For the love and affection which I have for James Meredith, and to (330) enable him to take care of my two old negroes, Ben and Rachel, who I wish to remain where I now live and support *Page 226 
themselves, I give and bequeath the land whereon I now live, with all and singular the improvements, containing two hundred acres," etc. "Should the said Meredith find it necessary for his own convenience and the good of the neighborhood to remove said negroes to his own house, I wish him to do so." The counsel for the defendant moved the court to instruct the jury that the devise was not to the lessor of the plaintiff, but to the two old negroes, or in trust for them, and was therefore inoperative and void. The court declined to give the instructions prayed for, but charged that the land was devised to the lessor of the plaintiff, and not to the two negroes, nor in trust for them.
The jury returned a verdict for the plaintiff, and judgment being rendered, the defendant appealed to this Court.
The only question presented to this Court is as to the devise of the two hundred acres. The construction put upon it by the presiding judge in the court below was correct. The land is, by the will of Elizabeth Locke, given to the lessor of the plaintiff, and the cause assigned, to wit, her love and affection for him, and to enable him to take care of the old negroes. But it is insisted by the defendant that, if this be so, it is a devise to him in trust for the two old negroes, and it is consequently void and inoperative. Be this as it may, the question cannot arise in this case. We are now in a court of (331) law, and the legal title must prevail. By the will that title is in the lessor of the plaintiff.
We see no error in the opinion of the court below, and the judgment must be affirmed.
PER CURIAM. Judgment affirmed.